IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO GRAY,

                Plaintiff,                OPINION AND ORDER

v.

                                            19-cv-60-wmc

JOHN KROLL,

                Defendant.

---

Plaintiff Antonio Gray, an inmate at Waupun Correctional Institution ("Waupun"), is proceeding in this civil action under 42 U.S.C. § 1983, against Waupun employee John Kroll, on an Eighth Amendment failure to protect claim. Now before the court is defendant's unopposed motion to transfer this case to the Eastern District of Wisconsin, under 28 U.S.C. § 1404. (Dkt. #13.) Gray has not opposed the transfer, and instead requests the court's assistance in recruiting counsel. (Dkt. #15.) Since a transfer serves the parties, witnesses and the interest of justice, the court will grant defendant's motion and transfer this case, and will further deny Gray's motion for assistance in recruiting counsel, without prejudice to his renewing it in the Eastern District of Wisconsin.

OPINION

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue of this case would have been proper in the Eastern District of Wisconsin, since the events comprising Gray's claim occurred at Waupun, which lies in the Eastern District of Wisconsin. The

convenience inquiry focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Since the events comprising Gray's claim arose at Waupun, where Gray remains incarcerated, defendant Kroll resides within the Eastern District (*see* dkt. #14, ¶ 4), and it is likely that any witnesses reside in or near the Eastern District, a trial in that district court is more convenient. Moreover, Gray's request for counsel does not suggest that he opposes the transfer, and the court cannot conceive how it would be more convenient for him to litigate this case in this court.

As for the interest of justice, this inquiry "relates to the efficient administration of the court system," in particular focusing on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. This factor is neutral or weighs slightly in favor of transfer, since this court and the Eastern District of Wisconsin are equally equipped to address the substance of plaintiff's claims, and the community in the Eastern District may have a greater interest in resolving matters involving Waupun Correctional Institution. Therefore, the court concludes that transfer of this case to the Eastern District of Wisconsin is warranted under § 1404(a).

As for Gray's request for counsel, he has submitted a one-page document stating that he is unsure how to file a motion and is unaware how to retain an attorney on his own. Civil litigants have no constitutional or statutory right to the appointment of counsel.

*E.g., Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, use its discretion to determine whether to help recruit counsel to assist an eligible plaintiff who proceeds under the federal in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* publico."). Gray is proceeding in forma pauperis, so he is eligible for recruitment of counsel.

Before deciding whether to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Gray states that he is unsure how to obtain legal assistance on his own. This court typically requires litigants in Gray's situation to provide evidence of their efforts to recruit counsel on their own, either by submitting letters from at least three attorneys declining to represent him, or, if they have received no responses, by submitting a declaration signed under penalty of perjury detailing who they have written to, when they wrote the letters, and that they received no response. Gray should use the resources available at Waupun to reach out to potential attorneys, and if those efforts are unsuccessful, he may renew his motion in the Eastern District of Wisconsin.

In renewing his motion, in addition to showing his efforts to retain counsel on his own, Gray should be aware that to grant his request, the court must be persuaded that "the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Therefore, Gray should do his best to describe in detail the

3

challenges litigating this case presents for him, as clearly and precisely as possible, understanding that both this court and the Eastern District of Wisconsin recruit counsel in very limited circumstances, and typically do not do so at the early stages of lawsuits.

ORDER

IT IS ORDERED that:

1) Defendant's motion to transfer (dkt. #13) is GRANTED.

2) Plaintiff Antonio Gray's motion for assistance in recruiting counsel (dkt. #15) is DENIED without prejudice.

3) Pursuant to 28 U.S.C. § 1404(a), this case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 28th day of February, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge